Filed 3/24/22  P. v. Mendoza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE MENDOZA,<br><br>    Defendant and Appellant. | F082155<br><br>(Super. Ct. No. BF169604A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

C. Athena Roussos, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Meehan, J.

Appointed counsel for defendant José Mendoza asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On September 1, 2017, defendant stopped his car, pulled a gun, and pointed it at a man's face because the man asked him to slow down in the neighborhood. A neighbor intervened and defendant left. After defendant drove away, the man called the sheriff's department. Deputies later found defendant driving the same car and towing a stolen trailer. Defendant fled and was arrested. The deputies found a loaded handgun, methamphetamine, and "bump" keys for picking locks.

On April 6, 2018, deputies recognized defendant while he was driving another vehicle. The deputies attempted to conduct a traffic stop, but defendant fled, accelerating up to 100 miles per hour, running a red light, and weaving through traffic. The deputies were unable to stop defendant. The next day, defendant arrived at a man's residence in the same vehicle and shot the man three times on the driveway.

On April 9, 2018, deputies went to a trailer park to find defendant. They spotted him, but he fled. When they approached, he threatened them physically. Several deputies were able to arrest him. Retracing his steps, they found a loaded firearm.

On June 4, 2019, the trial court granted in part defendant's *Pitchess*[1] motion for discovery.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

On June 19, 2020, the trial court heard and denied defendant's *Marsden*[2] motion for substitute counsel.

On June 30, 2020, the Kern County District Attorney charged defendant with 19 counts in a consolidated and amended information.

On September 21, 2020, defendant pled no contest to the following four counts in return for a stipulated 21-year sentence:  attempted murder (§§ 187, subd. (a), 664; count 1), resisting an officer (§ 69; count 7), assault with a semiautomatic firearm (§ 245, subd. (b); count 13), and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 15).

On December 8, 2020, defendant raised a motion pursuant to *People v. Smith* (1993) 6 Cal.4th 684, requesting appointment of new counsel to assist him in withdrawing his plea due to communication problems with counsel at the time of the plea.  Another court heard and denied the motion.

The same day, the trial court sentenced defendant to the stipulated 21-year term as follows:  on count 1, the upper term of nine years, plus a 10-year section 12022.5, subdivision (a) enhancement; on count 7, the upper term of three concurrent years; on count 13, two consecutive years; and on count 15, the upper term of three concurrent years.  The court awarded credits and imposed various fines and fees.

On December 9, 2020, defendant filed a notice of appeal.  The trial court granted defendant's request for a certificate of probable cause.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.